IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RHONDA K. LANGFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-272 |
| | ) | |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** that because there is no subject-matter jurisdiction, this case be **REMANDED** to the Superior Court of Glascock County, Georgia, and this civil action be **CLOSED**.

**I.   BACKGROUND**

As a result of falling while present as an invitee on the premises of Dollar General, Store #12045, Plaintiff alleges Defendant is liable for her medical expenses and lost wages, as well as for her pain and suffering. (See doc. no. 1-1.) Plaintiff filed this action in the Superior Court of Glascock County, and Defendant filed a Notice of Removal on November 13, 2025, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, pp. 3-4.) There is no specific amount of damages claimed in the amended complaint beyond $35,001.56 in medical expenses. (Doc. no. 1-1, p. 7.) The stated basis for satisfaction of the amount in controversy is a "reasonable interpretation" of the amended complaint and

the refusal of Plaintiff's counsel to stipulate to an amount of damages below the removal threshold.  (See doc. no. 1, pp. 3-4; doc. no. 1-2, pp. 3-4.)

On November 17, 2025, the Court ordered Defendant to provide sufficient evidence within fourteen days that the jurisdictional amount is in controversy.  (See doc. no. 7.)  In response to the Show Cause Order, Defendant points to the same discovery responses attached to the Notice of Removal that itemizes approximately $38,000 in medical expenses, and a recognition that Plaintiff refused to stipulate to a cap of damages at no more than $75,000.  (See doc. no. 8.)  Defendant also provides one page of Plaintiff's medical record from Jefferson Hospital showing a discharge diagnosis of Nasal Bone Fracture, Degenerative Joint Disease, L Hand, Tobacco Use, and Nicotine Dependance, Cigarettes.  (Doc. no. 8-1, p. 2.)  Defendant points to the nasal bone fracture diagnosis, along with Plaintiff's interrogatory responses stating Plaintiff still has a painful, crooked, and disfigured nose over 700 days after the fall, to conclude "the amount that will be put at issue in the course of litigation will likely exceed $75,000." (Doc. no. 8, p. 4.)  Defendant requests that the Court find the amount in controversy exceeds $75,000, or in the alternative, and without offering any legal support, requests if the Court concludes the amount in controversy requirement has not been met, the Court grant permission now "to remove this matter later." (Id. at 5.)

## II.    DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ."  28

U.S.C. § 1332(a)(1).  The Court construes the removal statute narrowly.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).  "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

A removing defendant has the burden to establish federal jurisdiction.  See Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  And the removing party must point to facts, not conclusory allegations, to meet its burden.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001).  "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."  Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams, 269 F.3d at 1319.  Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  Pretka, 608 F.3d at 754; see also Dudley v. Eli Lilly and Co., 778 F.3d 909, 913 (11th Cir. 2014) (explaining "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover" (citation omitted)).  That is, the existence of jurisdiction should not be "divined by looking to the stars."  Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court.  See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010).  Rather,

3

"courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction. Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendant has failed to meet its burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. The amended complaint identified only $35,001.56 in medical expenses, and the discovery responses attached to the Notice of Removal itemized medical expenses at approximately $38,000. (Doc. no. 1-1, p. 7; doc. no. 1-2, pp. 10-11.) Thus, based on the face of the amended complaint, at the time of removal, the case fell well short of the jurisdictional amount in controversy requirement. Defendant seeks to meet its burden by relying on Plaintiff's refusal to stipulate to damages of less than $75,000, (doc. no. 1-2, pp. 3-4), and Plaintiff's accumulation of indeterminate damages based on Plaintiff "living with pain and a disfigured face for 718 days," (doc. no. 8, p. 4). See Williams, 269 F.3d at 1319 (explaining "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed" if amount not facially apparent from the complaint). However, neither is sufficient.

In regard to refusing to stipulate to damages less than $75,000, absent itemization or documentation in support, it is of no value to this Court's analysis because "jurisdiction cannot

4

be conferred by consent." Morrison, 228 F.3d at 1275.  Likewise, the general request for future damages in the amended complaint provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations.  See Pretka, 608 F.3d at 754; see also Williams, 269 F.3d at 1318, 1320 (rejecting contention that amount in controversy facially exceeded $75,000 where complaint alleged trip over curb caused permanent physical and mental injuries, substantial medical expenses, lost wages, diminished earning capacity - all of which would continue in future - and complaint contained demand for both compensatory and punitive damages in unspecified amounts).

Indeed, Defendant concedes the uncertainty when it states, "[T]he amount that will be put at issue in the course of litigation will *likely* exceed $75,000." (Doc. no. 8, p. 4 (emphasis added).)  In any event, because jurisdiction must exist at the time of removal, the possibility of future medical expenses is not determinative.  Sinclair v. State Farm Mut. Auto. Ins., No. 2:11-CV-320, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.").

The medical record attached to Defendant's response to the Show Cause Order adds little to the analysis because it is simply a discharge diagnosis confirming Plaintiff's nasal bone fracture.  (Doc. no. 8-1, p. 2.)  Defendant does not argue the degenerative joint disease in Plaintiff's left hand, tobacco use, or nicotine dependence has anything to do with her injury from the fall.  Nor does the one-page hospital record show the need for future medical treatment, and in fact, Plaintiff's response to Interrogatory 12, attached to the Notice of Removal, states, "At this time, she is not aware of needing any further treatment for her

injuries." (Doc. no. 1-2, p. 12.)   Plaintiff also disclosed she had two surgeries to correct the bone fracture, (id.), and the itemized medical expenses already disclose surgery expenses as part of the approximately $38,000 in medical expenses Plaintiff seeks to recover, (id. at 11). Moreover, the argument related to Georgia allowing counsel to suggest possible methods for the jury to calculate pain and suffering, (doc. no. 8, p. 4), does not advance Defendant's position because there is no "particular unit value" suggested, let alone supported, that would push the case beyond the $75,000 jurisdictional threshold.

As explained above, the Court has an "independent obligation" to ensure federal jurisdiction exists.  Morrison, 228 F.3d at 1275.  Here, the Court cannot conclude Defendant has met its burden to show by a preponderance of the evidence the value of this case meets the $75,000 jurisdictional threshold.  Indeed, this finding is in line with the conclusions of District Courts within the Eleventh Circuit.  See Williams v. Walmart Stores East, LP, CV 118-083, 2018 WL 3749470, at *2-3 (S.D. Ga. July 9, 2018) (finding no jurisdiction in slip and fall case with approximately $15,000 in medicals, pre-removal refusal by Plaintiff's counsel for stipulation of damages less than $75,000, and general request for future damages and ongoing pain and suffering damages), *adopted by*, 2018 WL 3747454 (S.D. Ga. Aug. 7, 2018) (Hall, J.); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by*, 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by*, 2016 WL 4582067 (S.D. Ga. Sept. 1,

2016) (Hall, J.); <u>Arrington v. Wal-Mart Stores, Inc.</u>, No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); <u>Cross v. Wal-Mart Stores, E., LP</u>, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); <u>but see</u> <u>Farley v. Variety Wholesalers, Inc.</u>, No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

### III.   CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the Superior Court of Glascock County, Georgia, and this civil action be **CLOSED**.  Because the Court cannot predict how the facts and circumstances of the case may develop upon remand, the Court also **REPORTS** and **RECOMMENDS** that the remand order not include a guarantee of permission to remove the matter at some indeterminate, later date.

SO REPORTED and RECOMMENDED this 8th day of December, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA